ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB 16 AM 8:00

CLERK _L. Flanders_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ANTHONY STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 604-140 |
| | ) | |
| BARNIE DASHER, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Defendant in this action filed by plaintiff under Title 42, United States Code, Section 1983 has submitted a motion for summary judgment. Doc. 32. Plaintiff, proceeding pro se, responded to the motion on December 16, 2005.[1] Plaintiff filed his own motion for summary

---

[1] Plaintiff's response, however, does not include affidavits contradicting the factual assertions made in affidavits supporting defendant's summary judgment motion. The Court advised plaintiff in its instructions accompanying a January 28, 2005, Order that he cannot rely on factual assertions made in his pleadings in responding to a summary judgment motion, that "[s]hould a defendant's motion for summary judgment be supported by affidavit, plaintiff must file counter-affidavits if he desires to contest the defendant's statement of facts." Doc. 9 at 6-7. The Court further advised plaintiff that if he did not submit opposing affidavits or other evidence, "any factual assertions made in the defendants' affidavits [would] be accepted as true and summary judgment [would] be entered against plaintiff pursuant to Fed. R. Civ. P. 56." Id. The Clerk also informed plaintiff of his obligation to submit affidavits or other evidence to contradict evidence offered in support of summary judgment in its December 9, 2005, Notice, which was sent to plaintiff with the summary judgment motion. Doc. 34.

judgment on November 30, 2005,[2] to which defendant responded on December 7, 2005. For the reasons that follow, the Court recommends that defendant's motion for summary judgment be **GRANTED**, that judgment be **ENTERED** in favor of defendant, and that this civil action be **CLOSED**.

## I. BACKGROUND[3]

On September 9, 2003, plaintiff, an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia, was being escorted to his cell by defendant, a GSP correctional officer. Plaintiff became insubordinate, told defendant to "let the [expletive] handcuffs go," and attempted to pull away from defendant. Def. Ex. A ¶ 3. When defendant ordered plaintiff to stop resisting him, plaintiff refused. Defendant then took plaintiff to the floor and held him down until plaintiff complied with defendant's orders. Id.[4]

Defendant subsequently transported plaintiff to see GSP's medical staff. Plaintiff complained to medical staff of back pain and had abrasions below his eye and on the right

---

[2]Plaintiff's motion for summary judgment does not comply with Rule 56 of the Federal Rules of Civil Procedure inasmuch as he submits no statement of facts or supporting evidence. The motion concerns problems that defendant's counsel was having in locating defendant. Because defendant has been located and has appeared in this action, the Court recommends that plaintiff's motion for summary judgment be **DENIED** as **MOOT**.

[3]For the reasons stated in footnote one, the Court will construe the facts submitted by defendant not to be in conflict.

[4]In his complaint, plaintiff contends that defendant beat him for ten minutes, hitting him with handcuffs and his closed fists and throwing him down stairs. Because plaintiff presents no admissible evidence concerning the encounter in response to defendant's summary judgment motion, the Court credits defendant's version of the facts. The Court also notes that the severity of plaintiff's injuries do not support his contentions.

side of his head. Def. Ex. D. Medical staff prescribed three days worth of Motrin and Robaxin for plaintiff to take as pain medication. Id. At a September 11, 2003, follow-up appointment, plaintiff was given a prescription mattress and a wedge pillow. An x-ray of his back revealed no fractures. Def. Ex. G at 21, 43. On October 16, 2003, plaintiff visited medical staff complaining of leg pain. X-rays revealed no fractures. Id. at 42.[5]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving

---

[5]Plaintiff was subsequently seen and tested by medical staff for neurological problems. Tests revealed no serious abnormalities. Def. Ex. G at 41, 54, 58-67. There is no evidence in the record connecting plaintiff's neurological symptoms with the factual allegations underlying his complaint.

[6]For purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

3

party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party meets its burden, the non-moving party must then "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. ANALYSIS

Defendant contends that his application of force against plaintiff was justified by plaintiff's failure to follow orders. "The Eighth Amendment's proscription of cruel and unusual punishments also governs prison officials' use of force against convicted inmates." Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To prevail on an excessive use of force claim, a plaintiff must satisfy both an objective and a subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

For the objective component, a plaintiff must show that he suffered a "sufficiently serious" deprivation harmful enough to establish a constitutional violation. Id. Although a plaintiff need not have suffered a significant injury, "'de minimis' uses of physical force" are not cognizable in a Section 1983 case unless the use of force is of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); see also Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) ("An injury need not be severe or permanent to be actionable . . . but it must be more than *de minimis*."). The Supreme Court has explained that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

To satisfy the subjective component, a plaintiff must show that the defendant's conduct involved the unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 319 (1986). That is, "force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary: 'The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear

5

in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.'" Campbell, 169 F.3d at 1374 (quoting Whitley, 475 U.S. at 319). Rather, the Court must consider "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (quoting Hudson, 503 U.S. at 7). Moreover, the use of restraints is permitted to control inmates who are causing a disturbance, attempting to incite other prisoners, or who represent a danger to themselves or others. Williams v. Burton, 943 F.2d 1572, 1575-76 (11th Cir. 1991) (per curiam). Use of an appropriate degree of force to compel compliance with a valid order is justified. Brown v. Smith, 813 F.2d 1187, 1189 (11th Cir. 1987).

While defendant's conduct arguably satisfies the objective component of the excessive force standard,[7] the facts of this case do not support a finding that the subjective component has been met. Plaintiff refused to obey a lawful order from defendant and attempted to pull away from defendant's control. In an effort to restore order and to protect himself, defendant took plaintiff to the ground. The Court finds that plaintiff's behavior warranted some use of force by defendant to protect himself and to restore order. The Court finds no evidence in the medical record or elsewhere that defendant's use of force exceeded what is permissible given plaintiff's refusal to follow orders and to submit himself to defendant's control. Accordingly, plaintiff should not be allowed to recover on his excessive force claim.

---

[7]Plaintiff's injuries appear to be more than de minimis, and defendant does not argue that the objective component has not been satisfied.

6

## IV. CONCLUSION

For the reasons stated above, defendant's summary judgment motion, Doc. 32, should be **GRANTED**. This civil action should accordingly be **CLOSED** and judgment **ENTERED** in favor of defendants.[8]

SO REPORTED and RECOMMENDED this 16th day of February, 2006, at Augusta, Georgia.

```
                               /s/ W. Leon Barfield
                               W. LEON BARFIELD
                               UNITED STATES MAGISTRATE JUDGE
```

---

[8]For the reasons stated in footnote one, plaintiff's summary judgment motion, Doc. 26, should be **DENIED as MOOT**.

7